# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA DIVISION OF HIGHWAYS, and ENCOVA INSURANCE CO.,**
**Employer/Respondent Below, Petitioners**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 23-ICA-244    (JCN: 2022023070)**

**VICTOR SHULTZ, JR.,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioners, West Virginia Division of Highways and Encova Insurance Co., ("Petitioners") appeal the May 11, 2023, Order Granting Attorney Fees entered by the West Virginia Workers' Compensation Board of Review ("BOR"). Mr. Shultz timely filed a summary response in support of the BOR's order. Petitioners filed a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the BOR's decision but no substantial question of law. Accordingly, a memorandum decision reversing the BOR's decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

On May 18, 2022, Mr. Schultz was injured while employed by WVDOH when the truck he was driving flipped over and he was ejected onto hot pavement. A Uniform Traffic Crash report was completed by Officer T. Mitter, from the Preston County Sheriff's Department, the same day as the accident. Officer Mitter's report indicated that Mr. Schultz had been using his cell phone while he was driving, which caused the accident. On May 25, 2022, Mr. Schultz submitted his Employee's and Physician's Report of Injury, indicating that he injured his left arm, left shoulder, left flank, and right-side ribs.

The claim administrator issued an order dated June 7, 2022, which rejected the claim. The order identified the reason for the rejection as the crash report that identified Mr. Schutlz's cell phone use while driving as the cause of the accident.

---

[1] Petitioners are represented by Steven K. Wellman, Esq., and James W. Heslep, Esq. Mr. Shultz is represented by Christopher Wallace, Esq.

On May 11, 2023, the Board issued an order finding that the claim administrator's rejection of the claim was unreasonable under West Virginia Code § 23-2C-21(c) (2022), and Mr. Schultz was, therefore, entitled to attorney fees. WVDOH now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 882 S.E.2d 916 (Ct. App. 2022).

On appeal, the issue is whether the BOR erred in granting attorney's fees based on the overturned denial of compensation. WVDOH argues that there was a "clear legal and factual basis" for the claim administrator's denial of Mr. Schultz's worker's compensation claim. WVDOH also argues that the Board awarded attorneys' fees based on the fact that it held the claim compensable not because the claim administrator was actually unreasonable. WVDOH further argues that Mr. Schultz's injuries did not result from his employment and were incurred while Mr. Schutlz was engaged in illegal activity. Finally, WVDOH argues that this claim is similar to *Fab-Tec Corp. v. W. Va. Off. Ins. Comm'n*, No. 100894 (W. Va., June l, 2011) (memorandum decision), and it was reasonable to reject this claim on a similar basis. We agree with WVDOH's first assignment of error which is dispositive of this matter.

West Virginia Code of State Rules § 102-1-18.4 (2022) provides,

> A denial shall be unreasonable if the denial by the private carrier or self-insured employer is without a legal or factual basis. The legal basis for a denial may be based upon any of the following: statutes; rules of the Insurance Commissioner; case law; or in the absence of relevant West

Virginia case law, recognized legal treatises on workers' compensation. The mere fact that a denial decision is eventually reversed or overturned upon appeal does not prove or imply that the denial decision was unreasonable.

West Virginia Code § 23-2C-21(c) (2022) provides,

Upon determination [. . .] by the Board of Review upon the termination of the Office [of] Judges, that a denial of compensability, a denial of an award of temporary total disability or a denial of an authorization for medical benefits was unreasonable, reasonable attorney's fees and costs actually incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant and paid by the private carrier or self-insured employer which issued the unreasonable denial. A denial is unreasonable if, after submission by or on behalf of the claimant, of evidence of the compensability of the claim, the entitlement to temporary total disability benefits or medical benefits, the private carrier or self-insured employer is unable to demonstrate that it had evidence or a legal basis supported by legal authority at the time of the denial which is relevant and probative and supports the denial of the award or authorization. Payment of attorney's fees and costs awarded under this subsection will be made to the claimant at the conclusion of litigation, including all appeals, of the claimant's protest of the denial.

The crux of the analysis before us is whether the claims administrator had a reasonable legal or factual basis for its denial of compensability at the time of that denial. Our review is limited to the evidence before the claims administrator at the time of determination. See W. Va. C.S.R. § 102-1-18.3 (2022); *Dennis v. McElroy Coal Co.*, Nos. 13-0540, 13-0955, 2014 WL 3954052, at *3 (W.Va. Aug. 13, 2014)(claims administrator was not unreasonable to deny request based on the evidence available to it at the time). In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment." Syllabus point 1, *Barnett v. State Workmen's Compensation Commissioner,* 153 W.Va. 796, 172 S.E.2d 698 (1970). An injury can occur in the course of employment but not as a result of employment. See *Kittle v. ACNR Resources, INC.*, No. 22-ICA-204, 2023 WL 3167482, (Ct. App. 2023)(claimant was injured while walking at work and did not allege any defects in the floor or work activities that would increase the risk of injury).

Here, the claims administrator denied compensability based on the uniform traffic report ("traffic report'). The traffic report identified that Mr. Schultz's was using his cell phone to elicit nude photos while driving and swerving egregiously. The claims administrator relied upon this report in making the determination that Mr. Schultz's injuries resulted from his actions, texting a female via facebook messenger and requesting nude pictures, not his employment. This evidence constitutes a basis for the claims administrator

to determine that Mr. Schultz had deviated sufficiently from his work responsibilities to justify a finding that his injury was not "resulting from" his employment but instead from his significant deviation. While ultimately, the BOR disagreed with this conclusion, this alone does not satisfy that statute to grant attorney's fees in this matter. The evidence available to the claims administrator was sufficient to give a reasonable basis in fact and law for the denial and accordingly the decision of the BOR was clearly wrong.

Accordingly, the May 11, 2023, order is reversed.

Reversed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating